# Exhibit B

PATTERN OF RACKETEERING ACTIVITY – PREDICATE ACTS

**CLAIMANT PATRICIO CEDILLO**

A. Upon information and belief, on or about January 8, 2018, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Wingate an employee of Wingate, Russotti, Shapiro, Moses & Halperin, LLP, caused to be transmitted by mail, facsimile or email to the NY WCB a C-3 Employee Claim for Patricio Cedillo's alleged injury that allegedly occurred on December 20, 2017. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wingate received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

B. Upon information and belief, on or about January 8, 2018, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Patricio Cedillo caused to be transmitted by mail, facsimile or email to the NY WCB a C-3 Employee Claim for Cedillo's alleged injury that allegedly occurred on December 20, 2017. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Cedillo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

C. Upon information and belief, on or about February 9, 2018, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Wingate or an employee of Wingate, Russotti, Shapiro, Moses & Halperin, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Cedillo's alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wingate received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

D. Upon information and belief, on or about February 9, 2018, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Patricio Cedillo, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Cedillo alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Cedillo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

E. Upon information and belief, on or about June 18, 2020, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Wingate or an employee of

        Wingate, Russotti, Shapiro, Moses & Halperin, LLP, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Patricio Cedillo's alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wingate received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

F.    Upon information and belief, on or about June 18, 2020, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cedillo, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Cedillo alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Cedillo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

G.    Upon information and belief, on or about August 29, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Patricio Cedillo's alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

H.    Upon information and belief, on or about August 29, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cedillo, caused to be transmitted by mail, facsimile or email a Verified Bill of, falsely attesting to the necessity of Cedillo's alleged injuries, and the necessity of Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Cedillo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT CARLOS FIGUEROA-ORELLANA**

I.    Upon information and belief, on or about May 7, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Wingate or an employee of Wingate, Russotti, Shapiro, Moses & Halperin, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Carlos Figueroa- Orellana's

  alleged injuries, and the necessity of C.F. Orellana's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wingate received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

J. Upon information and belief, on or about May 7, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Carlos Figueroa - Orellana, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of C.F. Orellana's alleged injuries, and the necessity of C.F. Orellana's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which C.F. Orellana received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

K. Upon information and belief, on or about September 6, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Wingate or an employee of Wingate, Russotti, Shapiro, Moses & Halperin, LLP, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Carlos Figueroa - Orellana alleged injuries, and the necessity of C.F. Orellana's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wingate received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

L. Upon information and belief, on or about September 6, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Carlos Figueroa - Orellana, caused to be transmitted by mail, facsimile or email a Verified Bill of, falsely attesting to the necessity of C.F. Orellana's alleged injuries, and the necessity of C.F. Orellana's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which C.F. Orellana received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT ROSARIO GUILLERMINA CEDILLO**

M. Upon information and belief, on or about May 14, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates , LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Rosario Cedillo's alleged injuries, and the necessity of R. Cedillo's medical treatment. The medical services were unnecessary and/or were

    not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. Subin assumed this case as incoming attorney upon a Consent to Change Attorney and verified Summons & Complaint which he deemed true and accurate by virtue of not amending document.

N. Upon information and belief, on or about May 14, 2019, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Rosario Cedillo, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of R. Cedillo's alleged injuries, and the necessity of R. Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

O. Upon information and belief, on or about April 23, 2020, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Rosario Cedillio's alleged injuries, and the necessity of R. Cedillio's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. Subin assumed this case as incoming attorney upon a Consent to Change Attorney and verified Summons & Complaint which he deemed true and accurate by virtue of not amending document.

P. Upon information and belief, on or about April 23, 2020, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Rosario Cedillo, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of R. Cedillo's alleged injuries, and the necessity of R. Cedillo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which R. Cedillo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT ERIK M. BARREZUETA**

Q. Upon information and belief, on or about November 7, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident,

       the existence and/or extent of Erik M. Barrezueta's alleged injuries, and the necessity of Barrezueta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

R.    Upon information and belief, on or about November 7, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Erik M. Barrezueta caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Erik M. Barrezueta's alleged injuries, and the necessity of Barrezueta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Barrezueta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

S.    Upon information and belief, on or about May 1, 2020, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Erik M. Barrezeuta alleged injuries, and the necessity of Barrezeuta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

T.    Upon information and belief, on or about May 1, 2020, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Erik M. Barrezeuta, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Barrezeuta's alleged injuries, and the necessity of Barrezeuta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Barrezeuta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT WILSON BARREZUETA**

U.    Upon information and belief, on or about September 22, 2021, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Wilson Barrezueta's alleged injuries, and the necessity of Barrezueta's medical treatment. The medical services were

<ul><li style="list-style:none">
unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.
</li></ul>

V. Upon information and belief, on or about September 22, 2021, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Wilson Barrezueta caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Wilson Barrezueta's alleged injuries, and the necessity of Wilson Barrezueta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Barrezueta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

W. Upon information and belief, on or about February 16, 2022, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Wilson Barrezeuta Orellana, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Wilson Barrezeuta alleged injuries, and the necessity of Wilson Barrezeuta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Wilson Barrezeuta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT FREDDY FAJARDO**

X. Upon information and belief, on or about January 31, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email to the NY WCB a First Report of Injury Report Type (MTC) 00-Original Freddy Fajardo's alleged injuries that allegedly occurred on November 24, 2021. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

Y. Upon information and belief, on or about January 31, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Freddy Fajardo caused to be transmitted by mail, facsimile or email to the NY WCB a First Report of Injury Report Type (MTC) 00-Original, of Fajardo's alleged injuries that allegedly occurred on November 24, 2021. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Fajardo received reimbursement and to

       increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

Z.     Upon information and belief, on or about February 15, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Freddy Fajardo's alleged injuries, and the necessity of Fajardo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. Subin assumed this case as incoming attorney upon a Consent to Change Attorney and verified Summons & Complaint which he deemed true and accurate by virtue of not amending document.

AA.     Upon information and belief, on or about February 15, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Freddy Fajardo, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Fajardo's alleged injuries, and the necessity of Fajardo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Fajardo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT RONALD EFRAIN BRAVO**

BB.     Upon information and belief, on or about December 20, 2021, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of William Schwitzer & Associates, caused to be transmitted by mail, facsimile or email to the NY WCB a C-3 Employee Claim for Ronald Efrain Bravo's alleged injuries that allegedly occurred on December 20, 2017. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

CC.     Upon information and belief, on or about December 20, 2021, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Ronald Efrain Bravo caused to be transmitted by mail, facsimile or email to the NY WCB a C-3 Employee Claim for Bravo's alleged injuries that allegedly occurred on December 20, 2017. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Bravo received reimbursement and to increase workers' compensation

        claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

DD.    Upon information and belief, on or about October 22, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Ronald Efrain Bravo's alleged injuries, and the necessity of Claimant A's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

EE.    Upon information and belief , on or about October 22, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Ronald Efrain Bravo, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Claimant A's alleged injuries, and the necessity of Bravo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Bravo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

FF.    Upon information and belief, on or about October 31, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a First Supplemental Verified Bill of Particulars, falsely attesting to the necessity of Ronald Efrain Bravo's alleged injuries, and the necessity of Bravo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

GG.    Upon information and belief, on or about October 31, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Ronald Efrain Bravo, caused to be transmitted by mail, facsimile or email a First Supplemental Verified Bill of Particulars, falsely attesting to the necessity of Bravo's alleged injuries, and the necessity of Bravo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Bravo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT CRISTHIAN ORLANDO MONTESDEOCA PERALTA**

HH. Upon information and belief, on or about January 20, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates caused to be transmitted by mail, facsimile or email to the NY WCB a First Report of Injury Report Type (MTC) 00-Original, of Cristhian Orlando Montesdeoca Peralta's alleged injuries that allegedly occurred on November 24, 2021. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

II. Upon information and belief, on or about January 20, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta's caused to be transmitted by mail, facsimile or email to the NY WCB a First Report of Injury Report Type (MTC) 00-Original, of Peralta's alleged injuries that allegedly occurred on November 24, 2021. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

JJ. Upon information and belief, on or about February 11, 2021, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Claimant A's alleged injuries, and the necessity of Claimant A's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

KK. Upon information and belief, on or about February 11, 2021, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

LL. Upon information and belief, on or about August 24, 2022, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Cristhian Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

MM. Upon information and belief, on or about August 24, 2022, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

NN. Upon information and belief, on or about November 8, 2022, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Cristhian Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Claimant A's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

OO. Upon information and belief, on or about November 8, 2022, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

PP. Upon information and belief, on or about March 10, 2023, in furtherance of the Fraud Scheme, and in violation of 18 U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Cristhian

|      | |
| ---- | - |
|      | Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. |
| QQ.  | Upon information and belief, on or about March 10, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. |
| RR.  | Upon information and belief, on or about January 23, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Cristhian Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. |
| SS.  | Upon information and belief, on or about January 23, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud. |
| TT.  | Upon information and belief, on or about May 4, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Cristhian Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were |

provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

UU. Upon information and belief, on or about May 4, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

VV. Upon information and belief, on or about June19, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Cristhian Orlando Montesdeoca Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Schwitzer received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

WW. Upon information and belief, on or about June19, 2024, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Peralta's alleged injuries, and the necessity of Peralta's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Peralta received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

XX. Upon information and belief, on or about August 31, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Schwitzer or an employee of Schwitzer & Associates, caused to be transmitted by mail, facsimile, a transcript of an Examination Before Trial which contained false statements made by the Plaintiff Cristhian Orlando Montesdeoca Peralta. Schwitzer knew these statements to be false and allowed the transcript to be transmitted to defense counsel and as a court exhibit in order to fraudulently increase the settlement value of Plaintiff's claim.

YY.   Upon information and belief, on or about August 31, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Cristhian Orlando Montesdeoca Peralta, caused to be transmitted by mail, facsimile, a transcript of an Examination Before Trial which contained false statements made by Plaintiff Peralta, who knew these statements to be false and allowed the transcript to be transmitted to defense counsel and as a court exhibit in order to fraudulently increase the settlement value of Plaintiff's claim.

**CLAIMANT MIGUEL ANGEL TELEGUARIO TZAY**

ZZ.   Upon information and belief, on or about May 13, 2022, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Miguel Tzay, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Tzay's alleged injuries, and the necessity of Tzay's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Tzay received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

AAA.   Upon information and belief, on or about June 18, 2020, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Miguel Tzay, caused to be transmitted by mail, facsimile or email a Verified Bill of Particulars, falsely attesting to the necessity of Tzay's alleged injuries, and the necessity of Tzay's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Tzay received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT ERWIN MARCELO GUARANGO-MARIN**

BBB.   Upon information and belief, on or about January 19, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Subin or an employee of Subin Associates, LLP, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Erwin Marcelo Guarango-Marin's alleged injuries, and the necessity of Guarango-Marin's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

CCC.   Upon information and belief, on or about January 19, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Erwin Marcelo Guarango-Marin, caused to be transmitted by mail, facsimile or email a Summons

and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of his alleged injuries, and the necessity of his. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Subin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT MILTON JAVIER GUARANGO-MARIN**

DDD. Upon information and belief, on or about January 13, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Milton J. Guarango-Marin, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Guarango-Marin's alleged injuries, and the necessity of Guarango-Marin's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Guarango-Marin received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

**CLAIMANT JOHNNY GEOVANNY CLAVIJAS FAJARDO**

EEE. Upon information and belief, on or about August 1, 2023, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Johnny Geovanny Clavijas Fajardo, caused to be transmitted by mail, facsimile or email a Summons and Verified Complaint, falsely attesting to the construction accident, the existence and/or extent of Fajardo's alleged injuries, and the necessity of Fajardo's medical treatment. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Fajardo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.

FFF. Upon information and belief, on or about August 8, 2018, in furtherance of the Fraud Scheme, and in violation of 18U.S.C. §§ 1341 or 1343, Johnny Geovanny Clavijas Fajardo caused to be transmitted by mail, facsimile or email to the NY WCB an Employee Claim for Fajardo's alleged injury that allegedly occurred on July 17, 2023. The medical services were unnecessary and/or were not causally related to the alleged accident but were provided in order to increase the medical services for which Fajardo received reimbursement and to increase workers' compensation claim and personal injury lawsuit settlement value in furtherance of the scheme to defraud.