

**McDonald Worley, LLC**
57 West 57th Street Suite 411
New York, New York 10019
212.600.0000 | 346.335.4293
laborlaw@mcdonaldworley.com

April 23, 2025

<u>By ECF</u>
The Honorable Diane Gujarati
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE:    *Ionian Re, LLC, et. al. v. Cedillo, et al*.
Case No. 1:24-cv-07969-DG-JRC

Dear Judge Gujarati:

This firm represents defendant Wilson Barrezueta ("Barrezueta") in the above-captioned action.  In accordance with Rule III.A.2 of Your Honor's Individual Practice Rules, Barrezueta requests a pre-motion conference for his anticipated motion to dismiss pursuant to Fed. R. Civ. P. 12.  The bases for the anticipated motion are set forth below.

The complaint alleges a fraudulent scheme wherein runners would recruit construction worker claimants to stage fake construction accidents and injuries that plaintiff law firms would then use to commence personal injury lawsuits against parties involved with the construction project (*e.g.*, owner, general contractor, construction manager, etc.) to maximize "profit" for defendants. According to the complaint, defendant Barrezueta was a fraudulent claimant that staged an accident on July 12, 2021 and faked injuries resulting in a lawsuit being filed by the Subin Firm on September 22, 2021 captioned *Wilson Barrezueta v. A.A.D. Construction Corp. et al*. under Index No. 524072/2021 (the "State Action"). (Complaint, at ¶¶ 124-129).

The complaint does not allege that plaintiffs were fraudulently sued in the State Action. Rather, plaintiffs allege damages are a result of their "contractual obligations to pay deductibles and/or claims-related expenses." (Complaint, at ¶ 282). Plaintiff Ionian is a reinsurer whose alleged damages are the "expenses paid as reimbursement to primary insurers providing coverage for the lawsuits filed and/or prosecuted by the Defendants." (Complaint, at ¶¶ 285-286). Plaintiffs Skyline, Urban and DNA Contracting & Waterproofing are all contractors operating on construction sites in New York whose damages are the increase in insurance premiums resulting from fraudulent claims. (Complaint, at ¶¶ 295-296).

After the Subin Firm withdrew, this firm was substituted in as attorneys of record for Barrezueta in the State Action on October 10, 2024.  The State Action continues to be litigated by Barrezueta against the named defendants in that action, none of whom are plaintiffs in this action.

Plaintiffs' RICO complaint is deficient in alleging both proximate cause and a predicate act.

"To sue under RICO, a plaintiff must … establish that the underlying § 1962 RICO violation was the proximate cause of his injury." *Empire Merchants, LLC v Reliable Churchill LLLP*, 902 F3d 132, 140 (2d Cir. 2018)(affirming dismissal of RICO complaint under Fed.R.Civ.P. 12(b)(6) where plaintiff failed to adequately allege proximate cause). Proximate cause requires a direct causal connection between the RICO violation because "the less direct an injury is, the more difficult it becomes to ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other, independent, factors." *Holmes v Sec. Inv. Protection Corp.*, 503 US 258, 269 (1992). Plaintiffs' damages alleged in the complaint are not directly caused by the supposed RICO violation. It would be impossible to ascertain how much of increased insurance premiums or reimbursement to primary insurers are attributable to the alleged RICO violation, especially in a span of time "[f]rom at least 2017 to the present". (Complaint, at ¶ 306).

"[A]llegations of frivolous, fraudulent, or baseless litigation activities—without more— cannot constitute a RICO predicate act." *Kim v Kimm*, 884 F3d 98, 104 (2d Cir 2018). "[P]roffering false affidavits and testimony to a state court does not constitute a predicate act of extortion or mail fraud." *Kim* 884 F.3d at 104 (quoting in part *Gabovitch v. Shear*, 70 F.3d 1252 (table), [published in full-text format at 1995 U.S. App. LEXIS 32856, at *5], 1995 WL 697319, at *2 (1st Cir. 1995) (per curiam)(internal quotation marks omitted)). The "transmission and use of false and misleading documentation in furtherance of the Defendants' scheme to defraud Plaintiffs in connection with submitting, filing, prosecuting and asserting workers' compensation claims and personal injury lawsuits" do not constitute predicate acts. (Complaint, at ¶ 303).

In addition to the above, Barrezueta adopts the arguments made by other defendants in their pre-motion letters to Your Honor and reserves the right to assert additional grounds for dismissal. Accordingly, we respectfully submit this letter to request a pre-motion conference concerning defendant Wilson Barrezueta's anticipated motion to dismiss.

Sincerely,
*s/ McDonald Worley*
McDonald "Don" Worley

cc: Counsel of Record (via ECF)